UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

May 7, 2025

LETTER ORDER

Re:   *Child Trends, Inc., et al. v. U.S. Department of Education et al.*
      Civil No. 25-1154-BAH

Dear Counsel:

After review of the filings related to Plaintiffs' motion for a preliminary injunction ("PI"), I write to seek your views on whether this matter should be stayed pending the Supreme Court's decision in *Dep't of Educ. v. California*, 604 U.S. ----, 145 S. Ct. 966 (2025) (hereinafter "*California*").

As noted in your filings, Judge Rubin recently granted in part a PI request in a case that presents similar facts to the case at bar. *See Am. Ass'n of Colleges for Tchr. Educ. v. McMahon*, Civ. No. 25-702-JRR, --- F. Supp. 3d ---, 2025 WL 833917, at *26 (D. Md. Mar. 17, 2025). In denying a motion to reconsider her decision, Judge Rubin addressed whether a challenge to the termination of federal grants must be brought in the Court of Federal Claims pursuant to the Tucker Act (28 U.S.C. § 1491). *See Am. Ass'n of Colleges for Tchr. Educ. v. McMahon*, Civ. No. 25-702-JRR, 2025 WL 863319, at *2 (D. Md. Mar. 19, 2025). After Judge Rubin concluded that the Tucker Act did not apply (thus granting the district court subject matter jurisdiction), the defendants appealed and sought a stay of the PI from the United States Court of Appeals for the Fourth Circuit. In a one-sentence decision issued on April 10, 2025, the Fourth Circuit granted the request for the stay, referencing "the Supreme Court's recent order granting a stay pending appeal in the matter of [*California*]." *Am. Ass'n of Colleges for Tchr. Educ. v. McMahon*, No. 25-1281, 2025 WL 1232337, at *1 (4th Cir. Apr. 10, 2025).[1]

Though the PI motion here is fully briefed, it seems to me that issuing a decision would be imprudent without the guidance on the Tucker Act issue that the Supreme Court is poised to offer in *California*. Moreover, it would be a tremendous waste of resources to hold a hearing and draft an opinion on the PI, given that even if I were to agree with Plaintiffs and issue a PI, if Defendants request a stay, the Fourth Circuit is likely to take the same approach it took in Judge Rubin's case.

I recognize that Plaintiffs have arguably already provided their position in the form of the arguments included in their reply brief seeking to distinguish this case from Judge Rubin's and *California*. *See* ECF 22. However, many of the arguments noted in the reply were also raised in the case before Judge Rubin, and the Fourth Circuit obviously concluded that they did not

---

[1] Defendants attach a copy of the Fourth Circuit's Order to their response in opposition to the request for a PI. *See* ECF 18-1.

*Child Trends, Inc., et al. v. U.S. Department of Education et al.*
Civil No. 25-1154-BAH
May 7, 2025
Page 2

sufficiently distinguish the case from *California*. In particular, Plaintiffs argue that their claims are "equitable," not contractual, and "seek to require Defendants to award and operate the statutorily required number of Comprehensive Centers and RELs[.]" *Id.* at 8. This line of argument is similar to one addressed by Judge Rubin who noted that the plaintiffs in her case were "seeking redress for alleged statutory and regulatory violations," not money due for performance of a contract. *Am. Ass'n of Colleges*, 2025 WL 863319, at *4. The respondents in *California* made a similar argument in their briefing before the Supreme Court. *See* Respondents' Opposition to Petitioners' Application, at *23–24, *California*, 145 S. Ct. 966, 2025 WL 963588. In providing a position on a potential stay of this case, Plaintiffs should offer some additional distinction, if possible.

Accordingly, I ask the parties to each respond to this Order no later than the close of business on Monday, May 12, 2025, with their respective positions on whether the case should be stayed pending resolution of *California*. Any argument in support of a position is limited to five pages.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                      Sincerely,

                      /s/

                      Brendan A. Hurson
                      United States District Judge