

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Tianna Bethune*
*Assistant United States Attorney*
*Tianna.Bethune@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4922*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

May 12, 2025

**Via CM/ECF**

Re:    *Child Trends, Inc. et. al. v. U.S. Department of Education, et al.*,
       Case No. 25-1154-BAH

Dear Judge Hurson,

Pursuant to this Court's May 7, 2025, Order requiring the parties to submit their position on whether this case should be stayed pending the Supreme Court's decision in *Dep't of Educ. v. California*, 604 U.S. ----, 145 S. Ct. 966 (2025) (hereinafter "*California*"), Defendants submit this letter in support of staying the case.

There have been several government grant and contract termination related cases filed around the country in the past few months. All of these cases have pleadings that include various claims related to both statutory and non-statutory violations. Despite minor factual nuances, the cases all pertain to one thing – plaintiffs with terminated grants or contracts, who want their grants and contracts back.

As the Court noted in the letter order, the facts presented in the case at bar are almost identical to those presented in *Am. Ass'n of Colleges for Tchr. Educ. v. McMahon,* Civ. No. 25-702-JRR (D. Md. Mar. 17, 2025) ("*AACTE*"). In *AACTE*, the plaintiffs' claims arose from the Department of Education's ("Department") termination of grants awarded through the Teacher Quality Partnership grant program, the Supporting Effective Educator Development grant program, and the Teacher and School Leader grant program. Plaintiffs asserted two claims, violation of the Due Process Clause and violation of the Administrative Procedure Act. In granting plaintiffs' motion for preliminary injunction, this court found the "essence of Plaintiffs' claim is the equitable relief sought; Plaintiffs ask this court to review the lawfulness of the Department's termination decision…" 2025 WL 890560, at *4 (D. Md. Mar. 21, 2025).

The Department appealed and sought a stay from the Fourth Circuit. Pursuant to the Supreme Court's recent order granting a stay pending appeal in the matter of *California,* the Fourth Circuit ordered the stay. The Fourth Circuit is currently preparing to review the merits of the jurisdictional question. The opening brief is due on June 16, 2025, response is due on July 16, 2025, and reply within twenty one days of the response. Order, *Amer. Assoc. of Colls. for Teacher Educ. v. McMahon*, No. 25-1281, Doc. 34 (4th Cir. May 7, 2025) (attached as ECF 27-1).

The artful pleading that has been put forth in this case is not novel. Considering that the Fourt Circuit is currently conducting a review of this issue, Defendants believe it would be in the

interest of judicial efficiency to stay the instant case until an order is issued in *AACTE*. Upon a decision in *AACTE*, Defendants propose that the parties be given 14 days to file a joint status report on how the case should proceed.

Very truly yours,

Kelly O. Hayes
United States Attorney

_____

Tianna Bethune
Assistant United States Attorney