IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHILD TRENDS, INCORPORATED, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, ET AL., <br><br> Defendants. | Case No.: 8:25-cv-01154-BAH |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On May 29, 2025, Judge Griggsby issued a twenty-two-page memorandum opinion in *Solutions in Hometown Connections v. Noem*. Mem. Op., No. 25-cv-885-LKG (D. Md. May 29, 2025) (attached as ECF 36-1). The opinion expands on her May 20, 2025, order denying Plaintiffs' motion for a preliminary injunction. *See* Order, *Solutions*, No. 25-cv-885-LKG (D. Md. May 29, 2025) at Doc. 68. In the opinion, Judge Griggsby applied *Megapulse* to a grant termination case like the instant case and determined that the Tucker Act deprived the district court of jurisdiction. ECF 36-1 at 17—21 (discussing *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982).

Judge Griggsby refused to take the narrow interpretation of *Megapulse* offered by the Plaintiffs in the instant case, and applied the two prong-test to claims based on the APA, constitution and ultra vires claims to determine the true essence of those claims. ECF 36-1 at 16, 19. Judge Griggsby also determined that to the extent the plaintiffs asserted "APA claims in the amended complaint based upon the 'dismantling' of the CIGP, the Plaintiffs also fail to identify a discrete agency action to support these claims under the APA." *Id.* This notice provides a summary of the opinion and its applicability to this case.

As to the applicability of the Tucker Act to grant terminations, the court determined that the complaint challenges "the Defendants' decision to terminate their respective Grants," and because the grant terms and conditions indisputably contained a termination provision, "the source of the… rights to challenge the termination of their Grants appears to be their respective Grant Agreements." *Id*. at 19.  Judge Griggsby was also unpersuaded "by the Plaintiffs' argument that the source of the rights for their APA, separation of powers and ultra vires claims is regulatory, statutory and/or constitutional in nature." *Id*. at 19.  The court noted that while the plaintiffs argued "that their claims are based upon the FY 23 appropriations legislation, Section 271(f)(2) of the Homeland Security Act and the Uniformed Guidance…" the applicable legislation does not provide the specific plaintiffs any rights "that would entitle them to continue to receive Grant funds." *Id.*

The court also determined that the nature of relief sought for the termination claims was monetary and backward-looking because "Plaintiffs seek to obtain the Grant funds that have been awarded under their Grant Agreements." *Id.* at 20.  This included claims that plaintiffs were entitled to "outstanding grant funds obligated to them for future grant work." *Id.* (internal quotations omitted) ("Given this, the relief sought by the Plaintiffs would, at bottom, allow them to continue to receive Grant funds from the Government.").

The plaintiff's "dismantling" claims were also unavailing.  *Id.* at 20—22.  The court observed that broad programmatic challenges to the "dismantling" of an entire program is not a "discrete agency action[]" amenable to APA review.  *Id.* at 21 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).  The court held the APA disallowed "a wholesale, programmatic challenge to the Government's operation and management" of a program and could not reach arguments about a "wholesale shuttering" of a grant program.  *Id.* at 22.

Judge Griggsby's reasoning applies equally to the instant case. Here, the source of right for ALL of Plaintiffs' claim must be the contracts because the statutes at issue[1] do not entitle these specific Plaintiffs to anything, nor do they restrict the government's ability to terminate these particular grants. Furthermore, for their termination claims, Plaintiffs also rely in part on the terms and conditions of their grant awards, which indisputably contained termination provisions. ECF 1 at 13-14. As in *Solutions*, there is no dispute that the Uniform Guidance is incorporated into Plaintiffs' grant agreements. ECF 16-5 at 5; 16-6 at 5. And so, again, the source of Plaintiffs' rights to challenge the termination of their grants is their respective grant agreements.

In addition, as in *Solutions*, the nature of relief for the termination claims is monetary and backward-looking because Plaintiffs seek reinstatement of grants. ECF 34-1 at 4-5. Likewise, while the relief sought for the program claims in this case is casted as being equitable in nature, it is, at bottom, monetary in nature, as it demands that the Government spend money. For these reasons, the Complaint, in essence, asserts various claims that are, in fact, based upon the contracts at issue in this case. These contract claims belong within the Court of Federal Claims.

Finally, as in *Solutions,* Plaintiffs have also failed to prove a likelihood of success on the merits of their program claims because they do not identify a discrete agency action upon which to base these claims. While Plaintiffs argued during the May 20, 2025, hearing that the contract terminations are the discrete agency actions, Plaintiffs' response to the Court's letter order make clear that their program claims are a challenge to "Defendants' refusal to operate the…programs" in general. ECF 26 at 4.

---

[1] Impoundment Control Act, Appropriations Act of 2024, Educational Technical Assistance Act, Education Sciences Reform Act, Separation of Powers.

The government respectfully asks this Court to consider Judge Griggsby's analysis and decline to exercise jurisdiction in the instant case.

        Respectfully submitted,

        Kelly O. Hayes
        United States Attorney

        _____/s/_____
        Tianna Bethune
        Assistant United States Attorney
        36 S. Charles Street, Fourth Floor
        Baltimore. Maryland 21201
        410-209-4922
        Tianna.Bethune@usdoj.gov
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on June 2, 2025, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.

                                               */s/*
                                               Tianna Bethune
                                               Assistant United States Attorney