IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHILD TRENDS, INCORPORATED, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, ET AL.,<br><br>Defendants. | Case No.: 8:25-cv-01154-BAH |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 56(d) DECLARATION**

As a part of Plaintiffs' Opposition to Defendants' Motion to Dismiss, Motion to Transfer, or in the Alternative for Summary Judgement ("Motion"), Plaintiffs urge this Court to order discovery before granting summary judgment and submits a Rule 56(d) declaration ("Declaration") in support of the request. *See* ECF No. 52-1. Plaintiffs' Rule 56(d) declaration fails to demonstrate a sufficient need for discovery and the request should be denied.

As a preliminary matter, the Defendants' summary judgment argument was made in the alternative, and the Court need only reach that argument if it finds that dismissal of Count Four is not warranted by the Defendants' argument made pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons explained in the Motion, Count Four fails for lack of subject-matter jurisdiction. To briefly reiterate, all of Plaintiffs' "termination claims," including Count Four, are contractual claims that must be brought before the Federal Court of Claims. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982). Pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over claims challenging the cancellation of individual federal contracts, regardless of their framing. 28 U.S.C. § 1491(a)(1); *Sustainability Inst. v. Trump*, No.

25-1575, 2025 WL 1587100, at *1 (4th Cir. June 5, 2025) (the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States).

As Plaintiffs highlight through their claims chart, Count Four is a "termination claim," which challenges individual grant/contract terminations. ECF No. 48-2 at 3. For relief, Plaintiffs seek an order that will reinstate those specific grants/contracts. *Id.* As the Supreme Court explained in *California*, an order to "enforce a contractual obligation to pay money," along the lines of what Plaintiffs' are requesting here, is precluded by the Tucker Act. *Dep't of Educ. v. California*, 145 S. Ct. 966, 968, 221 L. Ed. 2d 515 (2025). And Plaintiffs' *ultra vires* claims, which allege the Government violated the Constitution when it terminated or suspended Plaintiffs' grants, do not provide a detour around the Tucker Act. *Sustainability*, at *2. As such, the Court does not need to reach a merits determination on Count Four, as the claim is properly dismissed pursuant to 12(b)(1).

However, should the Court opt to consider Defendants' summary judgment argument, it can and should award summary judgment to the Defendants and against Plaintiffs without the parties engaging in discovery because Plaintiffs' Declaration does not meet the strict requirements of Rule 56(d). Furthermore, the evidence presented by the Defendants demonstrates that the Department of Education terminated the grants/contracts at issue, not the United States DOGE Service[1] ("USDS"). To adequately raise the issue that discovery is needed, "the non-movant must

---

[1] As explained in Defendants' Motion, "DOGE" and the United States DOGE Service ("USDS") are not synonymous. The named Defendant, USDS, refers to the entity created to advise and consult the President, a non-agency, which is a part of the Executive Office of the President. 90 FR 8441, Sec. 3. DOGE Teams are comprised of **federal agency employees**, that serve within their respective agencies, to coordinate with USDS and advise Agency leadership. 90 FR 8441, Sec. 3(c). Plaintiffs' filings do not acknowledge that critical distinction.

file an affidavit or declaration pursuant to Rule 56(d) . . . explaining why, 'for specified reasons, it cannot present facts essential to justify its opposition,' without needed discovery." *Hamilton v. Mayor & City Council of Balt.*, 807 F. Supp. 2d 331, 341 (D. Md. 2011) (quoting Fed. R. Civ. P. 56(d)). "Notably, Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery. Rather, to justify a denial of summary judgment on the grounds that… discovery is necessary, the facts identified in a Rule 56 affidavit must be essential to the opposition." *Hamilton*, 807 F. Supp. 2d at 342 (citations and internal quotation marks omitted).

Although a district court should exercise caution in ruling on summary judgment in the face of a Rule 56(d) request, courts have repeatedly held that the rule does not authorize "fishing expeditions." *Gardner v. United States*, 184 F. Supp. 3d 175, 184 (D. Md. 2016); *Agelli v. Sebelius*, Civ. No. DKC 13–497, 2014 WL 347630, at *9 (D.Md. Jan. 30, 2014) (citations omitted); *accord Fierce v. Burwell*, 101 F.Supp.3d 543, 554 (D.Md.2015); *Alston v. United Collections Bureau, Inc*., Civ. No. DKC 13–0913, 2014 WL 1660273, at *2 (D.Md. Apr. 23, 2014), aff'd, 585 Fed.Appx. 196 (4th Cir.2014) (mem.); *cf. Wright v. Eastman Kodak Co*., 550 F.Supp.2d 371, 382 (W.D.N.Y.2008) ("While a Rule 56(f) [now Rule 56(d)] discovery request may be granted to allow a plaintiff to 'fill material evidentiary gaps,' it may not be premised solely on speculation as to evidence which might be discovered[.]" (citation omitted)), *aff'd*, 328 Fed.Appx. 738 (2d. Cir.2009).

In *Agelli*, Judge Chasanow of this District denied a discovery request by a plaintiff bringing an age-discrimination claim. Judge Chasanow noted that, while the plaintiff had submitted a detailed Rule 56(d) affidavit, the crux of the plaintiff's argument was that she was entitled to discovery regarding aspects of the defendant-employer's selection decisions and hiring practices— i.e., she hoped to locate some evidence probative of pretext and believed that she should be allowed

3

"to find out if she had a claim, rather than that she had a claim for which she needed ... discovery." 2014 WL 347630, at *10 (alterations added and in original) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994)).

Plaintiffs in the instant matter wish to do the same. Plaintiffs contend that discovery is needed to answer "the unresolved question of ***whether*** it was, in fact, the case that the terminations were at DOGE's instigation." ECF No. 52-1 at ¶ 5. Plaintiffs also argue this evidence is critical to resolving "***whether*** it was DOGE or the Department of Education that decided to terminate the awards, and if it was DOGE, ***whether*** the Department had any input and to what extent." ECF No. 52-1 at ¶ 3. The problem with this proposed discovery is that it is rooted in nothing more than "speculation." *Gardner,* 184 F. Supp. 3d 175, 182. There are no concrete factual allegations, and there is nothing in the current record, that would tend to suggest USDS did anything unlawful.

Review of the undisputed evidence reveals that Mark Washington is the Deputy Assistant Secretary of the Office of Elementary and Secondary Education in the Department of Education.[2] *See Senior Leadership Biographies,* https://www.ed.gov/about/ed-offices/oese/senior-leadership-biographies. The Department of Education is the congressionally authorized agency assigned to administer the Comprehensive Center Program and the REL Program. *See* 20 U.S.C. § 9602; 20 U.S.C. § 9564. As Deputy Assistant Secretary of the Office of Elementary and Secondary Education, Mark Washington signed the termination letters received by Plaintiffs. ECF No. 16-8; ECF No. 16-9; 20 U.S.C. § 3472. It is also a fact that "DOGE Teams" are comprised of ***agency***

---

[2] A court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned*.*" *Boshea v. Compass Mktg., Inc.*, No. CV ELH-21-00309, 2023 WL 7089917, at *4 (D. Md. Oct. 26, 2023); Fed. R. Evid. 201.

*employees* and were created to advise agency leadership on agency-related matters, including contracts. 90 FR 8441, Sec. 3(c).

Nevertheless, in pure conclusory form, Plaintiffs allege in Count Four that the "terminations of Comprehensive Center grants and REL contracts were directly undertaken by, or specifically directed by, [USDS]." ECF No. 1 at ¶ 146. Plaintiffs have not provided one piece of evidence that creates a *genuine* dispute of fact regarding whether the Department made the final decision to terminate the grants/contracts at issue.[3] Recognizing the deficiencies in their Complaint, Plaintiffs have filed this 56(d) request to find out *if* they have a claim. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994) (Denying request for discovery because the request was based on speculation as to what potentially could be discovered). This Court should not defer a ruling on Defendants' Motion to allow Plaintiffs to engage in a fishing expedition. *Fierce v. Burwell*, 101 F. Supp. 3d 543, 554, 2015 WL 1505651 (D. Md. 2015) (Court refusing to defer ruling on summary judgment motion to allow Plaintiff to engage in a fishing expedition to determine if she has a claim).

Finally, should the Court deny Defendants' Motion to Dismiss Count Four and agree that summary judgement should be deferred, the Defendants ask that deferral be granted on Count Four, only. The Declaration does not allege that Plaintiffs are unable to defend against summary judgment in relation to any other claim within the Complaint. Further, should the Court grant anything in response to the Declaration, the Defendants' request that the order be narrow in scope

---

[3] The "circumstantial evidence" presented to date does not create a genuine dispute of facts in the face of the record evidence that supports the conclusion that Agency leadership terminated the grants. Specifically, the "Wall of Receipts" and the Twitter reference do nothing more than support the known fact that DOGE Teams were working to advise agency leadership. And while some program staff members may not have been privy to communications and decisions among agency leadership, this fact does not support a conclusion that USDS terminated the grants/contracts.

and directed at the Department of Education only, and in the form of supplementation of the administrative record,[4] as the Agency is the entity responsible for operation of the grants/contracts and would therefore be in the possession of any responsive documents relating to their termination.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Tianna Bethune
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore. Maryland 21201
410-209-4922
Tianna.Bethune@usdoj.gov
*Counsel for Defendants*

---

[4] To be clear, the Agency's position is that the record is complete. However, should the Court order the Agency to perform another search for documents relevant to Count Four, the Agency would absolutely comply.

## **CERTIFICATE OF SERVICE**

I certify that, on July 23, 2025, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.

                                        */s/*
                                        Tianna Bethune
                                        Assistant United States Attorney