IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHILD TRENDS, INCORPORATED et al., *Plaintiffs*, v. UNITED STATES DEPARTMENT OF EDUCATION et al., *Defendants*. | Case No. 8:25-cv-01154-BAH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MODIFIED PROPOSED ORDER**

Plaintiffs respectfully submit the following response to Defendants' submission of redline and clean versions of Plaintiffs' Proposed Order, *see* ECF Nos. 56, 56-1, 56-2.

As Defendants' edits illustrate, the parties largely agree on the relief the Court should enter in granting Plaintiffs' Motion for Summary Judgment on the Program Claims. However, Defendants make one edit that is a transparent attempt to manufacture jurisdictional issues under the Tucker Act, likely for purposes of a potential appeal.

As Plaintiffs have emphasized time and again, for purposes of the Program Claims, Plaintiffs are *not* seeking a Court order restoring Plaintiffs' awards or compelling Defendants to restore Plaintiffs' awards. Defendants know this, which is why they conceded in their briefs that the Tucker Act is no barrier to Plaintiffs' Program Claims. In Plaintiffs' Proposed Order, Plaintiffs included language that would make the nature of the relief sought clear: "Nothing in this Order compels Defendants to restore the terminated awards at issue in this case, but nothing in this Order precludes Defendants from doing so as a means of complying with the Court's Order."

1

In their revised Proposed Order, Defendants have struck this language without explanation, and added the following sentence without explanation: "If necessary to obligate the $50 million appropriated for the Comprehensive Centers program that expires on September 30, 2025, this directive compels Defendants to restore the terminated awards at issue." *See* ECF No. 56-1, at 2-3.

This addition is contrary to what Plaintiffs' have requested and plainly designed to create a Tucker Act issue where none exists. Defendants have maintained throughout these proceedings, and repeated at the hearing, that sufficient time remains to comply with the legal requirements to obligate funds before September 30, and the onus is now on Defendants to determine how to lawfully do so. For these reasons, the Court should reject Defendants' redline edits and enter the Proposed Order submitted by Plaintiffs at ECF No. 55-1.[1]

August 6, 2025

Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson
Lynn D. Eisenberg
Kyla M. Snow*
JACOBSON LAWYERS GROUP PLLC
*1629 K Street NW, Suite 300*
*Washington DC, 20006*
*(301) 823-1148*
*dan@jacobsonlawyersgroup.com*

\* Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

---

[1] Defendants' edits also incorrectly state that Plaintiffs' Program Claims are limited to Count One of the Complaint, when those claims are at Counts One, Two, and Three. *See* Compl. ECF No. 1; *see also* Claims Chart, Ex. 1 to Pls.' Mot. for Sum. J., ECF No. 48-2.