**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHILD TRENDS, INCORPORATED et al., | |
| *Plaintiffs*, | |
| v. | Case No. 8:25-cv-01154-BAH |
| UNITED STATES DEPARTMENT OF EDUCATION et al., | |
| *Defendants*. | |

**JOINT STATUS REPORT**

On August 15, 2025, the Court issued a Memorandum Opinion and accompanying Order, requiring the Parties to file a joint status report on August 20, 2025, "advising the most practicable option for Defendants to fulfill their statutory obligations in light of any implementation challenges, with a detailed timetable of specific steps Defendants will take to meet such obligations by September 30, 2025." ECF No. 62 at 2. The Parties, by and through their undersigned counsel, hereby file this joint status report and state the following:

**DEFENDANTS' UPDATE**

1. **AVAILABLE APPROPRIATIONS**:

   A. **2024 Comprehensive Centers Funds:**

      i. The Further Consolidated Appropriations Act of 2024 (the "2024 Appropriations Act"), Section 5, contained a general "Statement of Appropriations" restriction indicating that the sums appropriated by that Act were appropriated "for the fiscal year ending September 30, 2024." Pub. L. 118-47, 138 Stat. 460, 461 (Mar. 23, 2024). Therefore, any funding not otherwise specified within the 2024 Appropriations Act as available for a different time period was only available through September 30, 2024.

      ii. The Comprehensive Centers program, as authorized under section 203 of the Educational Technical Assistance Act of 2002, was funded in the 2024 Appropriations Act under the School Improvement Programs account for the U.S. Department of Education ("Education"). *Id.* at 682-683.

iii.    The 2024 Appropriations Act for the School Improvement Programs ("SIP") account, provided **$5,776,178,000** for funding all "activities authorized by part B of title I, part A of title II, subpart 1 of part A of title IV, part B of title IV, part B of title V, and parts B and C of title VI of the ESEA; the McKinney-Vento Homeless Assistance Act; section 203 of the Educational Technical Assistance Act of 2002; and the Civil Rights Act of 1964[.]" *Id.*

    i.    Of this $5,776,178,000, it was further specified that "$3,947,312,000 shall become available on July 1, 2024, and remain available through September 30, 2025" ("Multiyear Funds"). It was further specified that, of the $5,776,178,000, "$1,681,441,000 shall become available on October 1, 2024, and shall remain available through September 30, 2025, for academic year 2024" ("Advanced Funds"). *Id.*

    ii.    By subtracting the $3,947,312,000 specified as Multiyear Funds and the $1,681,441,000 specified as Advanced Funds from the original total of $5,776,178,000 appropriated for all SIP Funds, there is a remaining amount of $147,425,000 ("Annual SIP Funds") for which Congress specified no alternate period of availability.

iv.    The $147,425,000 of Annual SIP Funds, as noted above, were subject to the general "Statement of Appropriations" restriction contained in Section 5 of the 2024 Appropriations Act that the sums appropriated by that Act were appropriated "for the fiscal year ending September 30, 2024." *Id.* at 461.

v.    The Senate Report[1] accompanying the 2024 Appropriations Act, for the School Improvement Programs, by removing amounts aligned with the Multiyear funds and Advanced funds, indicates that the $147,425,000 of Annual SIP Funds is comprised of the following amounts:

    i.    Education for Native Hawaiians: $45,897,000

    ii.    Alaska Native Education Equity: $44,953,000

    iii.    Comprehensive Centers: $50,000,000

    iv.    Training and Advisory Services: $6,575,000

vi.    Thus, the 2024 Appropriations Act funding for the Comprehensive Centers, which provided "$50,000,000 shall be available to carry out section 203 of the Educational Technical Assistance Act of 2002", was only available as Annual SIP Funds through September 30, 2024.

vii.    All $50,000,000 of the 2024 Appropriations Act funding for the Comprehensive Centers was fully obligated by the end of the fiscal year ending

---

[1] https://www.appropriations.senate.gov/imo/media/doc/fy_24_lhhs_report.pdf

September 30, 2024.

viii. Therefore, both as to amount and timing, there are no 2024 Appropriations Act funds for the Comprehensive Centers available for obligation.

**B. 2025 Comprehensive Center Funds:**

i. The Full-Year Continuing Appropriations and Extensions Act, 2025 ("2025 CR"), under Section 1101, provided funding for Education under the same "level […] authority and conditions provided in applicable appropriations Acts for fiscal year 2024[.]"  This included extending funding under the amounts, authority and conditions authorized under the "Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2024  (division D of Public Law 118-47)." Pub. L. 119-4, 139 Stat. 9, 11 (Mar. 15, 2025).

ii. Section 1116 of the 2025 CR provided that "[u]nless otherwise provided for in this division or in the applicable appropriations Act, appropriations and funds made available and authority granted pursuant to this division shall be available through September 30, 2025." *Id.* at 12.

iii. Therefore, for the reasons specified above, the 2025 CR provided $50,000,000 for the Comprehensive Centers, which remains available through September 30, 2025.

**2. <u>TIMETABLE FOR COMPREHENSIVE CENTERS AND RELS:</u>**

**A. Week of August 18th:**

i. By August 20, 2025, draft language to inform Comprehensive Centers grantees and REL contractors that we will be reinstating their terminated awards, if they are positioned to accept reinstatement of the grant/contract.

ii. By August 21, 2025, transmit reinstatement communication to prior Comprehensive Center grantees and REL contractors. Require prior Comprehensive Center/REL response by August 28, 2025.

iii. Define administrative process for reinstating awards, including who is responsible, steps (including securing apportionments from OMB if needed) and timing.

**B. Week of August 25th:**

i. By August 29, 2025, determine which Comprehensive Centers and RELs can accept reinstatement of their awards.

ii. By or on August 29, 2025, determine which CCs or RELs are unable or unwilling to accept an award, and the remaining statutory capacity to be

fulfilled under the Comprehensive Center and REL programs. ("Remaining Capacity").

**C. Week of September 1st:**

 i. Reinstate previously obligated funds for terminated Comprehensive Centers in G5 and begin work with Education Contracts and Acquisitions Management to reinstate contracts for terminated RELs.

 ii. For all reinstated Comprehensive Centers and RELs, request plan for resuming operations, to be submitted to the Department by no later than September 10, 2025.

 iii. Issue updated Cooperative Agreements to prior Comprehensive Centers grantees.

 iv. If necessary, request apportionment of funds from OMB.

 v. Remaining Capacity: If necessary to fulfill a Remaining Capacity under the Comprehensive Centers or REL program, develop a further obligation and solicitation plan.

**D. Week of September 8th:**

 i. By or on September 10, 2025, receive plan for each reinstated Comprehensive Center or REL for resuming operations.

 ii. Review plans for resuming operations for each reinstated Comprehensive Center or REL.

**E. Week of September 15th:**

 i. As necessary, continue to review plans for resuming operations for each reinstated Comprehensive Center or REL.

 ii. Prepare non-competing continuation ("NCC") slate of awards for reinstated Comprehensive Centers grantees, for obligation of FY 2025 funding consistent with Education's regulations governing continuation of multi-year projects.

 iii. Submit REL reinstatements to Contract Action Waiver Request ("CAWR") portal.

**F. Week of September 22d:**

 i. "[F]und the Comprehensive Center and Regional Educational Laboratory programs, see 20 U.S.C. §§ 9564, 9602, before the current fiscal year appropriations lapse on September 30, 2025." See ECF No. 62 at page 2.

    ii.   Obligate funds -- issue NCCs to Comprehensive Centers and reinstate all REL contracts.

## PLAINTIFFS' RESPONSE

Plaintiffs agree in principle that the framework outlined by the government is appropriate but still need to gather more facts from Defendants about the process to be employed, including to ensure that the steps outlined fully comply with the Court's Order.

## FURTHER REPORTS

The Parties propose to file an additional status report by 5pm on August 27, 2025, further detailing steps Defendants have taken or will take to fulfill their statutory obligations.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____

Tianna Bethune
Ariana Wright Arnold
Assistant United States Attorneys
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4800
Tianna.Bethune@usdoj.gov
Ariana.Arnold@usdoj.gov

*Counsel for Defendants*

_____/s/_____

Daniel F. Jacobson
    *admitted pro hac vice*
Lynn D. Eisenberg
Kyla M. Snow
    *admitted pro hac vice*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
*lynn@jacobsonlawyersgroup.com*

*Counsel for Plaintiffs*